# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# GREAT FALLS DIVISION

| | |
|---|---|
| CURTIS SULLIVAN,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DR. GIANARELLI, et. al.,<br><br>　　　　Defendants. | Cause No. CV 09-00039-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER |

Plaintiff Curtis Sullivan is a prisoner litigant representing himself and proceeding in forma pauperis in this civil rights case against prison officials at the Crossroads Correctional Center.

On May 14, 2009, the Court issued an Order consolidating Civil Action No. 09-CV-00037 into Civil Action No. 09-CV-00039 and finding the claims raised therein regarding Sullivan's medical care at Crossroads Correctional Center failed to state a claim upon which relief could be granted.[1]  Sullivan was provided an opportunity to file an amended complaint.  If he chose not to amend, Sullivan was

---

[1] By separate Order the Court denied Plaintiff's motion to proceed in forma pauperis in Civil Action 09-CV-00037 and that matter was closed on May 18, 2009.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER  –
CV-09-00039-GF-SEH-RKS / PAGE 1

required to notify the Court as such on or before June 5, 2009. (Document 4). Sullivan did not respond to the Court's Order and therefore this matter should be dismissed for failure to state a claim and failure to comply with a Court order.

### A. FAILURE TO STATE A CLAIM

In its prior Order, the Court found that Sullivan had failed to state a claim upon which relief could be granted. Sullivan was given an opportunity to file an amended complaint but he did not do so. Accordingly, for the reasons set forth in the Court's prior Order (Document 4), Sullivan has failed to state a claim upon which relief may be granted and as such this matter should be dismissed.

### B. FAILURE TO COMPLY WITH COURT ORDER

In addition to failing to state a claim, this matter should also be dismissed as a sanction for failing to comply with a Court order. Sullivan was instructed to file an amended complaint or a notice with the Court indicating he wished to proceed with his initial Complaint. Sullivan did neither.

The trial court has discretion under Fed.R.Civ.P. 41(b) to dismiss an action for failure to comply with a court order. *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975). The Court must consider the following factors before imposing dismissal as a sanction for failure to prosecute or failure to

comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)); *see also Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

"The public's interest in expeditious resolution of litigation always favors dismissal."  *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).  Given Sullivan's refusal to respond to the Court's Order, this factor weighs in favor of dismissal.

"The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest."  *Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983).  It has been a month and a half since the Court permitted Sullivan to file an amended complaint.  The Court must be able to manage its docket and it cannot do so, if Sullivan refuses to comply with the Court's Orders.  Therefore, this factor favors dismissal.

"To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendants have not yet been served in this case and thus there is no immediate prejudice. However, given Sullivan's refusal to respond, the matter could linger indefinitely and prejudice Defendants.

The Court has considered the possibility of and provided less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981). Although the court should consider less drastic alternatives than dismissal, the court is not required to exhaust all such alternatives prior to dismissal. *Id.* Sullivan will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Sullivan the chance to challenge this Court's rulings.[2]

The last factor weighs against dismissal of the Complaint because public

---

[2] It is important to note, Mr. Sullivan is no stranger to litigation, having filed ten lawsuits since January 2002.

policy favors the disposition of cases on their merits. *Pagtalunan,* 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). However, the Court finds the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Accordingly, because Sullivan failed to state a claim upon which relief may be granted, failed to comply with a Court Order, and the relevant factors weigh in favor of dismissal, the Court will recommend this matter be dismissed.

### C.  "STRIKE" UNDER 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim.  28 U.S.C. § 1915(g).  The Court should designate this matter as a "strike" under this provision because Sullivan's allegations (after being provided an opportunity to amend) fails to state a claim upon which relief may be granted.

### D.  CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS FOR FAILURE TO STATE A CLAIM AND FAILURE TO COMPLY WITH A COURT ORDER  – CV-09-00039-GF-SEH-RKS / PAGE 5

> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain Sullivan's claims are frivolous as they lack arguable substance in law or fact. Sullivan's failure to state a claim is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good

faith.

### E. ADDRESS CHANGES

At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Sullivan has been released from custody, the notice should so indicate. The notice shall not include any motions for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. This matter should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted and failure to comply with a Court order. The Clerk of Court should be directed to close this case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the

dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Sullivan failed to state a claim upon which relief may be granted.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record makes plain that Sullivan's claims are frivolous as they lack arguable substance in law or fact.

4.  The Clerk of Court should be directed to close these matters and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Sullivan may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

These Findings and Recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.Civ.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 7th day of July, 2009.

                         /s/ Keith Strong
                         Keith Strong
                         United States Magistrate Judge